(Reap. Dec. 10513)

HURRICANE IMPORT CO. (MOJONIER) ET AL. *v.* UNITED STATES

Entry No. 38721, etc.

(Decided May 16, 1963)

*Lawrence & Tuttle* for the plaintiffs.

*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the merchandise marked "R" and initialed CF (Examiner's Initials) by Examiner C. Fleischman (Examiner's Name) on the invoices covered by the appeals for reappraisement enumerated on Schedule "A" hereto annexed.

2. That as so limited, the merchandise and the issues are the same in all material respects as those involved in *United States* v. *Gitkin Co.*, A.R.D. 132, and that the record in the cited case may be incorporated in the record herein.

3. That the involved merchandise was entered or withdrawn from warehouse for consumption prior to the effective date of the Customs Simplification Act of 1956.

4. At the time of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely offered for sale for exportation to the United States to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the appraised values, less the amounts marked "X" in red ink by the Examiner; and that on or about the said time of exportation, such or similar merchandise was not freely offered for sale to all purchasers for home consumption in the country of exportation.

5. That the appeals for reappraisement enumerated in said Schedule "A" may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved and that such values for the merchandise in question were the ap-

praised values, less the amounts marked "X" in red ink by the examiner on the invoices covering the said merchandise.

Judgment will be entered accordingly.